IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANNY BURTON,<br>           Plaintiff | )<br>)<br>)   C.A. No. 12-72 Erie |
| v. | )<br>)<br>)   Magistrate Judge Baxter |
| ALBION STATE CORRECTIONAL<br>FACILITY, et al.,<br>           Defendants. | )<br>)<br>) |

**OPINION AND ORDER**[1]

United States Magistrate Judge Susan Paradise Baxter.

## I.  INTRODUCTION

### A.  Relevant Procedural and Factual History

On March 9, 2012, Plaintiff Danny Burton, a prisoner incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), initiated this *pro se* civil rights action under 42 U.S.C. § 1983, against Defendants SCI-Albion (incorrectly identified as "Albion State Correctional Facility") and the Pennsylvania Department of Corrections ("DOC").  Plaintiff alleges that he was rendered sterile by a drug that was administered to him at SCI-Albion without his informed consent as to the drug's possible adverse side effects, in violation of his rights under the eighth amendment to the United States Constitution. (ECF No. 3, Complaint, at Sections III and IV.C).

Defendants have filed a motion to dismiss complaint [ECF No. 11] arguing that Plaintiff's claim is barred by the Eleventh Amendment.  In response, Plaintiff has filed two similar affidavits setting forth the damages he seeks to recover, but otherwise has failed to respond to

---

[1] The parties have consented to the United States Magistrate Judge's exercise of jurisdiction over this matter. [ECF Nos. 4, 13].

Defendants' argument, or seek to amend his complaint.  This matter is now ripe for consideration.

### B.      Standards of Review
#### 1.      Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint.  See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).  "This 'does not impose a probability requirement at the pleading stage,' but instead

'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

Recently, the Third Circuit Court prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2.     *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P.

12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C.     Discussion

Defendants contend that Plaintiff's claim must be dismissed because they are entitled to immunity under the eleventh amendment to the United States Constitution. The Eleventh Amendment proscribes actions in the federal courts against, *inter alia*, states and their agencies. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981)(Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977)(state agencies). "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it... a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985), citing Alabama v. Pugh, 438 U.S. 781 (1978).

It is well-settled that the Department of Corrections, which administers all state correctional institutions including SCI-Albion, is an agency or arm of the Commonwealth of Pennsylvania and is, thus, entitled to the same Eleventh Amendment immunity that the Commonwealth enjoys. See Steele v. Pennsylvania, 2009 WL 614800 at *8 (W.D.Pa. Mar. 6, 2009)(DOC). Likewise, SCI-Albion is an alter-ego of the DOC and is, therefore, entitled to the same immunity. See Wood v. Pennsylvania Bd. of Probation and Parole, 2009 WL 1913301 at * 3 (W.D.Pa. July 2, 2009). No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued, Wilson v. Vaughn, 1996 WL 426538 at *1 n.2 (E.D.Pa. July 30, 1996), nor has Congress expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. Smith v. Luciani, 1998 WL 151803 at *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table).

Moreover, as state agencies, Defendants are not "persons" against whom a civil rights

action may be brought under Section 1983.  <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1989).  Accordingly, Plaintiff's claim against Defendants must be dismissed.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DANNY BURTON,** ) | |
| Plaintiff ) | **C.A. No. 12-72 Erie** |
| ) | |
| v. ) | |
| ) | **Magistrate Judge Baxter** |
| **ALBION STATE CORRECTIONAL** ) | |
| **FACILITY, et al.,** ) | |
| Defendants. ) | |

## ORDER

AND NOW, this 19th day of July, 2012,

IT IS HEREBY ORDERED that Defendants' motion to dismiss [ECF No. 11] is GRANTED and this case is dismissed.

The Clerk is directed to mark this case closed.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge